UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

**GREGORY EUGENE DARRELL,**

    Debtor.

Case No: 8:22-BK-04976-RCT

**PATTI PITT,**

    Appellant,

v.

Case No: 8:23-cv-01076-MSS

**GREGORY EUGENE DARRELL,**

    Appellee.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Appellant Patti Pitt's appeal of the bankruptcy court's Order Granting Defendant's Motion for Summary Judgment. (Dkt. 1) Upon consideration of all relevant filings, the entire bankruptcy record, the Parties' briefs, and being otherwise fully advised, the Court **REVERSES** the bankruptcy court's ruling and **REMANDS** the case to the bankruptcy court for further proceedings consistent with this Order.

    I.    BACKGROUND

In this appeal, Appellant Patti Pitt ("Pitt") challenges the bankruptcy court's grant of summary judgment to Debtor Gregory Eugene Darrell ("Darrell") on the

1

question of whether a debt Darrell owes Pitt is nondischargeable under 11 U.S.C. § 523(a)(5) or § 523(a)(15). (Dkts. 1, 8) Darrell and Pitt married on June 22, 2019, and divorced on February 28, 2023. (Dkt. 2-23 at 2) At some point during this time, Darrell and Pitt separated. (Id.) Once they were separated, Pitt sued Darrell in the civil division of the Thirteenth Judicial Circuit Court for Hillsborough County for money Darrell owed her. (Id.; Dkt. 2-17 at 1) Specifically, Pitt sought $3,000 for back rent, $1,800 on a personal loan dated November 12, 2016 (prior to the marriage), and $6,728 for one-half the cost of their wedding. (Dkt. 2-17 at 1)

The state court held a non-jury trial on Pitt's claims. (Id.) The Parties did not dispute that Darrell owed Pitt $3,000 for back rent and $1,800 for the personal loan. (Id.) As to the wedding cost, the state court held the evidence showed Darrell had agreed to pay for half of the cost of the wedding in monthly payments. (Id. at 1–2) On March 15, 2022, the court awarded Pitt $8,670.51 (the "Debt"), which equals the amount she sought, $11,528, minus the value of some of Darrell's property that Pitt sold without his permission, $2,857.49. (Id.)

Pitt petitioned for dissolution of the marriage in family court. (See Dkt. 2-18) On February 28, 2023, the family court entered a final judgment of dissolution which stated, "There are no issues relating to equitable distribution of assets and debts or support for this Court to address." (Id. at 1)

Two months before the divorce was final, on December 16, 2022, Darrell filed for Chapter 7 bankruptcy. (Dkt. 2-6) One week after entry of the final judgment of dissolution, on March 6, 2023, Pitt filed an adversary complaint in the bankruptcy

2

proceeding. (Dkt. 2-14) She sought a determination that the Debt is nondischargeable under 11 U.S.C. § 523(a)(5) or § 523(a)(15). (Id.) On March 21, 2023, the bankruptcy court entered an Order of Discharge. (Dkt. 2-23 at 3) On March 29, 2023, Darrell moved for summary judgment on the issues Pitt raised in her adversary complaint. (Dkt. 2-16) On May 9, 2023, the bankruptcy court entered an order granting summary judgment, finding the exceptions to discharge in § 523(a)(5) and § 523(a)(15) do not apply to the Debt. (Dkt. 2-23) Therefore, the bankruptcy court found the Debt is dischargeable. (Id.) Pitt appeals the bankruptcy court's order.

## II.     STANDARD OF REVIEW

In reviewing bankruptcy court judgments, a district court functions as an appellate court. 28 U.S.C. § 158(a); see also In re Coady, 588 F.3d 1312, 1315 (11th Cir. 2009). It reviews the bankruptcy court's legal conclusions *de novo* but must accept the bankruptcy court's factual findings unless they are clearly erroneous. In re Chira, 567 F.3d 1307, 1310–11 (11th Cir. 2009). "[A] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). The district court also reviews *de novo* the bankruptcy court's determinations as to the legal significance accorded to the facts. In re Sunshine-Jr. Stores, Inc., 198 B.R. 823, 825 (M.D. Fla. 1996). In hearing a bankruptcy appeal, the district court may reverse, affirm, or modify only issues actually presented to the trial judge. In re Gardner, 455 F. Supp. 327 (N.D. Ala. 1978).

3

Here, it would appear that the bankruptcy court determined factually that the Debt was not comprised of any nondischargeable obligation, which the Court finds to be legally incorrect. Alternatively, the bankruptcy court found that the facts did not support a finding that any part of the debt was nondischargeable, which the Court finds is clearly erroneous as to the rent portion and not based on a fully developed record as to the remaining portions of the Debt. Either way, the matter requires reversal with further proceedings consistent with the following discussion.

### III. DISCUSSION

Pitt appeals the bankruptcy court's order finding the Debt dischargeable. Pitt also contends the bankruptcy court denied her due process when it ruled on the motion for summary judgment without a hearing. Additionally, she argues the bankruptcy court and Darrell's attorney suffered from a conflict of interest due to the attorney's status as "an officer of the court," and that Darrell may be hiding financial transactions from the bankruptcy court.

#### A. Dischargeability

Pitt's primary contention on appeal is that the bankruptcy court erred in ruling the Debt dischargeable. Through Chapter 7 bankruptcy, a debtor may obtain a discharge of "all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b). Certain debts, however, are nondischargeable. See id. at § 523(a). Pitt argues

the exceptions to discharge in 11 U.S.C. § 523(a)(5) or § 523(a)(15) apply to the Debt, rendering it nondischargeable.[1]

Section 523(a)(5) makes debt "for a domestic support obligation" nondischargeable. Section 523(a)(15), on the other hand, makes nondischargeable any debt

> to a spouse, former spouse, or child of the debtor and not of the kind described in [§ 523(a)(5)] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record[.]

A nondischargeable spousal debt can either be a domestic support obligation or a debt described by paragraph (15). It cannot be both.

  a. **11 U.S.C. § 523(a)(5)**

Section 523(a)(5) makes debt "for a domestic support obligation" nondischargeable. The Bankruptcy Code defines "domestic support obligation" as

> a debt that accrues before, on, or after the date of the order of relief . . . that is—
>   (A) owed to or recoverable by—
>     (i) a spouse, former spouse, or child of the debtor . . .; or
>     (ii) a governmental unit;
>   (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor . . ., without regard to whether such debt is expressly so designated;
>   (C) established or subject to establishment before, on, or after the date of the order for relief . . ., by reason of applicable provisions of—
>     (i) a separation agreement, divorce decree, or property settlement agreement;
>     (ii) an order of a court of record; *or*
>     (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

---

[1] Appellant also cites § 523(a)(19)(B) to support her argument. This paragraph applies to debt arising from the violation of securities laws or the commission of common law torts connected to the purchase or sale of securities. Thus, this paragraph does not apply to the Debt.

5

    (D) not assigned to a nongovernmental entity . . . .

11 U.S.C. § 101(14A). The Debt did not arise from a court order dissolving the Parties' marriage, but the statute does not mandate that a debt be decreed by a divorce court to be a domestic support obligation. Indeed, a debt owed to a former spouse in the nature of support established by an order of a court of record would fall within § 101(14A)'s definition. Therefore, the bankruptcy court was required to determine whether the Debt, or any portion of it, was "in the nature of alimony, maintenance, or support."

  Although the question of "[w]hether a given debt is in the nature of support is an issue of federal law[,]" federal courts seek guidance from state law in making the determination. Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001). In this analysis, "the touchstone for dischargeability under § 523(a)(5) is the intent of the parties." Id. at 1266. Cummings also teaches that the intent of the relevant court must also be ascertained. Id.

  The record is undisputed that a pro rata portion of the Debt[2] was for rent and was awarded during the time of the separation. As to the intent of the state court, the state court acknowledged in its final judgment that the dispute was "between a married, but now separated, couple" and noted the Parties' plan to divorce. (Dkt. 2-17 at 1, 2) And, although the state court was not acting as a divorce court when it rendered

---

[2] The pro rata portion of the Debt attributable to back rent equals $2,256.38. Pitt initially requested a total of $11,528. Back rent in the amount of $3,000 constituted approximately 26 percent of the total requested award. The state court, however, reduced the requested award by the amount of money Pitt made from selling Darrell's personal property without his permission. After the state court's deduction, the total was $8,670.51. Twenty-six percent of $8,670.51 is $2,256.38.

its judgment in Pitt's favor, it would appear that the portion of the Debt that was for rent was incurred during the period of separation.³ The Court finds this fact is persuasive on the question of intent under the precedent set by Cummings and dictates a finding that a portion of the Debt was for a domestic support obligation. 244 F.3d at 1266 ("To the extent the [divorce] court intended a portion of the obligation to function as support, that debt is nondischargeable under § 523(a)(5)."). Therefore, the Court reverses the Bankruptcy Court's determination that the portion of the Debt that was for rent was nondischargeable under 11 U.S.C. § 523(a)(5).

The remaining portions of the Debt do not appear to fall within the exception to dischargeability set forth in 11 U.S.C. § 523(a)(5). A loan debt incurred prior to the marriage and the shared cost of a wedding do not check any of the boxes for consideration of "alimony, maintenance, or support."

### b. 11 U.S.C. § 523(a)(15)

The exception to discharge in § 523(a)(15), however, may apply to the portion of the Debt related to the loan and the cost of the wedding. A debt is nondischargeable under § 523(a)(15) if it is (1) a debt to a spouse, a former spouse, or child of the debtor, (2) not a domestic support obligation, and (3) incurred during a divorce or separation or "in connection with a separation agreement, divorce decree, or other order of a court record." In re Monassebian, 643 B.R. 388, 393 (Bankr. E.D.N.Y. 2022); In re Reynolds, 546 B.R. 232, 236 (Bankr. M.D. Fla. 2016) ("Courts typically rely on §

---

³ The state court noted that the loan portion of the Debt was incurred prior to the marriage but did not make this determination with respect to the rent.

523(a)(15) when former spouses divide property or have other disputes that do not involve domestic support obligations[.]"). "The primary purpose of bankruptcy law is to provide an honest debtor with a fresh start[.]" In re Brown, 541 B.R. 906, 910 (Bankr. M.D. Fla. 2015). Accordingly, courts construe exceptions to discharge liberally in favor of the debtor. Id. However, juxtaposed to this principle, "[b]oth the legislative history of the Bankruptcy Code amendments and case law . . . illustrate that § 523(a)(15) should be broadly and liberally construed to encourage payment of familial obligations rather than to give a debtor a fresh financial start." Id. at 910–11; Burstein v. Nonte, No. 22-cv-267, 2023 WL 5435608, at *2 (E.D. Va. Aug. 23, 2023) (noting the BAPCPA eliminated two defenses to nondischargeability under § 523(a)(15) in 2005, making debts falling within its scope "nondischargeable without qualification").

In In re Brown, the debtor improperly removed funds from a Florida Prepaid College Savings Account opened for the benefit of her daughter. 541 B.R. at 908–09. The debtor and the daughter's father, who were *never married*, both contributed to the account before the debtor closed it and accepted the refund. Id. at 909. The father sued the debtor in county court and obtained a judgment ordering the debtor to pay him and the daughter $7,508.71. Id. Within a year of the judgment, the debtor filed for Chapter 7 bankruptcy. Id. The father sought a determination that the judgment was nondischargeable under several exceptions in § 523(a), including paragraph (15). Id. The bankruptcy court held that § 523(a)(15) "is much broader than other similar non-dischargeability provisions and excepts from discharge any debt owed to the child of

8

a debtor as determined by a state court[.]" Id. at 910. "The Judgment, a debt due by the Debtor to her child as determined by a Florida County Court made under Florida state law, fits within the non-dischargeability test articulated in § 523(a)(15)." Id. at 911–12. The court reasoned, "It is exactly this type of family obligation, albeit to a minor child not a former spouse[,] that the Bankruptcy Code prefers over the fresh start promised to debtors. That the parents never married and that no divorce action was filed is irrelevant." Id. at 912.

Here, the record reflects that portion of the Debt comprised of the loan and wedding cost could meet all the criteria of § 523(a)(15). The Debt was owed to a spouse, it is not a domestic support obligation (other than the rent discussed above), and it was incurred by way of a separate court decree during the marriage. Although the Debt facially meets all the requirements, the Court declines to hold that such a debt categorically falls within the ambit of § 523(a)(15). See Burstein, 2023 WL 5435608, at *6 (discussing case law holding debt owed to former spouses is dischargeable where it arose from, for example, the parties' landlord-tenant relationship, or other dealings unrelated to the dissolution of the marriage). In this case, it is unclear whether the loan obligation derived from a marital obligation because the record reflects that it arose prior to the marriage. Also, the intent of neither the Parties nor the state court is clear from the existing record with respect to that loan. Likewise, it is unclear when the agreement about sharing wedding costs was made between the Parties and how the state court or the Parties viewed this debt with respect to the marital relationship and associated obligations. See In re Harnage, No. 13–bk–01045, 2013 WL 5580411, at *2

9

(Bankr. M.D. Fla. Nov. 1, 2013) (reasoning that although the debts were originally incurred before the divorce, defendant's agreement to pay to the plaintiff a contribution to the payment of the debts arose in the course of the divorce, therefore, the obligation fell within the purview of § 523(a)(15)). Hence, resolution of the dischargeability question on summary judgment was inappropriate.

Thus, the Court reverses the bankruptcy court's decision that the exception in § 523(a)(15) does not apply to the Debt as a matter of law. Although the state court action establishing the Debt was not a divorce action, the Debt was incurred in connection with an "other order of a court record." Moreover, although the statute read as written does not seem to require it,[4] the state court acknowledged in its judgment that the Parties were "a married, but now separated, couple," and acknowledged their plan to divorce. (Dkt. 2-17 at 1, 2) Furthermore, the state court rendered its judgment during the period of the marriage, making the creditor liable to his then spouse in an amount certain. If the bankruptcy court determines any part of the Debt was a familial obligation, to permit the creditor to discharge this obligation by seeking bankruptcy protection would disserve the interests of the plain exception to dischargeability provided in § 523(a)(15).

---

[4] All that § 523(a)(15) facially requires is that the debt have been incurred "in connection with a separation agreement, divorce decree, *or* other order of a court record." Courts construing this language seem to consider the reference to a separation agreement or divorce proceeding to be a requirement (see Burstein, 2023 WL 5435608, at *6 (gathering cases)), but the provision plainly says *or* other order of a court record. It does not say "other order [*of a divorce or domestic*] court record."

## B. Due Process

Plaintiff's challenge to the bankruptcy court's decision not to hold a hearing on the motion for summary judgment fails. The Due Process Clause of the Fourteenth Amendment requires that notice and an opportunity for hearing be provided before a person's rights may be determined in an action. See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). However, it is "'well settled'" in the Eleventh Circuit that a court is not required to hold an oral hearing before deciding a summary judgment motion. Smith v. School Bd. of Orange Cnty., 487 F.3d 1361, 1367 (11th Cir. 2007) (citations omitted); see also Microbix Biosys., Inc. v. BioWhittaker, Inc., 184 F. Supp. 2d 434, 440 n.5 (D. Md. 2000) ("[A]n opportunity to be heard does not always require a hearing. It is, for example, well-settled that motions to dismiss or for summary judgment can be resolved without requiring a hearing.").[5] Both Parties were given notice of their opportunity to file memorandums in support of their respective positions. Additionally, Pitt was given notice that the court could consider the matter without a hearing. Consequently, the court afforded Pitt Due Process as required by the Constitution. On remand, the bankruptcy court may conclude that a hearing would assist the court in resolving this dispute, but that is left to the sound discretion of the court.

---

[5] Fed. R. Civ. P. 56 governs motions for summary judgment in bankruptcy proceedings. Fed. R. Bankr. P. 7056.

11

### C. Darrell's Attorney: Scope of Authority & Conflict of Interest

Similarly, Pitt's assertion that an impermissible conflict of interest precluded Darrell's counsel, Peter F. Zooberg, from litigating before the bankruptcy court results from an apparent misunderstanding. Reference to Zooberg as "an officer of the court," "duly appointed[,] and a member of the Bar of this Court," does not connote his being a member of court staff or an arm of the court. These are merely terms of art that refer to all lawyers who appear in court as a reminder of their duty of candor before the court. They in no way suggest an impermissible relationship with the presiding judge or give rise to a conflict of interest.

### D. Alleged Hidden Transactions

Finally, this Court will not address Pitt's contention that Darrell may receive compensation or engage in transactions that he did not disclose to the bankruptcy court. See In re Lett, 632 F.3d 1216, 1226–27 (11th Cir. 2011) (citing Hormel v. Helvering, 312 U.S. 552, 556 (1941)) ("'Ordinarily an appellate court does not give consideration to issues not raised below.'"). In her complaint, Pitt mentioned her belief that Darrell's nondisclosure was possible. (Dkt. 2-14 at 3) She alleged no facts to support the contention, and the bankruptcy court did not address the issue in its order granting summary judgment to Darrell. Therefore, the Court finds the issue was not raised before the bankruptcy court and declines to address it at this time.

## IV. CONCLUSION

Accordingly, the Court hereby **ORDERS**:

1. The judgment rendered in the bankruptcy action is **REVERSED**. The case is **REMANDED** to the bankruptcy court to enter an Order that the rent portion of the Debt is nondischargeable. The bankruptcy court is further ordered to reconsider its decision as to whether the loan and/or the shared wedding costs portion of the Debt should be considered nondischargeable in light of this Order.

2. The Clerk is directed to terminate all pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of April 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person